FILED

AUG 15 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY G. HALL,<br><br>Petitioner,<br><br>vs.<br><br>REGINALD MICHAEL,<br><br>Respondent. | Cause No. CV 18-84-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Stacy G. Hall's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Hall claims the State of Montana has violated the Fourteenth Amendment, denying him due process of law, equal protection, and fundamental fairness, by designating 4,511 days as "dead-time" in the calculation of his prison sentences and discharge date. (Doc. 1 at 1; 3.) Hall challenges: (1) the 4,084 days of "dead-time" awarded for the time period when he was on escape status, but the State of Montana refused to pursue him under its jurisdiction (*id.* at 2-3); (2) 717 days where Hall had been erroneously released from custody, by no fault of his own, after Texas officials rescinded Hall's arrest warrant, (*id.* at 3); and, (3) the failure to credit Hall with 594 days for time spent incarcerated in California on a detainer requested by the Montana State Prison. *Id.*

1

Hall is a state prisoner proceeding pro se.

## I.     Factual and Procedural Background

The Montana Supreme Court summarized Hall's procedural history as follows:

> Hall was found guilty and sentenced in January 1996 to a collective forty-five years with five suspended, for burglary, theft, and criminal mischief, to run concurrently with sentences stemming from previous convictions. He was sentenced in March 1996 for felony escape, for which he received another three-year consecutive sentence. Later that year, Hall was transported to the Dickens County Correctional Center in Spur, Texas, due to overcrowding at Montana State Prison (MSP). He escaped from the Dickens County facility just over a month following his transfer. In May 2007, Santa Clara County, California, authorities notified Montana authorities of Hall's whereabouts. MSP Records promptly began the process to return Hall to Montana. Hall served a three-year sentence on a new California conviction and returned to MSP on February 18, 2009.

*Hall v. Michael*, OP 17-0277, 2017 WL 9285599, Or. at 1 (Mont. Aug. 8, 2017).

The petition at hand is Hall's third in this Court. He filed the first in 2011. *See Hall v. Law*, No. CV 11-07-GF-SEH (D. Mont. judg. entered Feb 28, 2011). There Hall argued, in essence, that he stopped being a fugitive when Texas stopped looking for him, therefore the State of Montana was estopped from returning him to prison. He also challenged the extradition process utilized to effectuate his return to MSP. The petition was dismissed with prejudice. This Court observed, it was not "aware of any law that could support Petitioner's claims. He is simply serving the prison time he has owed the State of Montana since 1996. An escapee

2

does not ripen into a free person through the slow accretion of year-to-year success in remaining at large." *Hall v. Law*, No. CV 11-07-GF-SHE, Find. & Rec. (Doc 4 at 3.)

In February of 2012, Hall filed a second habeas petition challenging disciplinary violations assessed against him following a November 2010 assault on a fellow inmate. That petition was dismissed for lack of subject matter jurisdiction. *Hall v. Kirkegard*, No. CV 12-18-H-DLC (D. Mont. judg. entered April 19, 2012).

## II. Analysis

At the outset, this Court attempted to discern if Hall's petition is truly a habeas petition or, in reality, a motion under Fed. R. Civ. P. 60(b). Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Rule 60(b) "has an unquestionably valid role to play in habeas cases," but its application is qualified by the stringent limitations on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); 28 U.S.C. § 2244(b)(1), (2). Under *Gonzalez*, a legitimate Rule 60(b) motion "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,' defined as asserted federal bases for relief from a state court's judgment of conviction." 545 U.S. at 530, 532, 125 S. Ct. 2641. A

3

motion that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside of the bounds of Rule 60(b) and within the scope of the AEDPA's limitations on second or successive habeas corpus petitions. *Id.* at 532 n. 5, 125 S. Ct. 2641. Hall's petition appears to fall squarely in the realm of second or successive petitions.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

The claims that Hall attempts to advance in his current petition arise out of the re-calculation of his sentence that was performed in 2009 following his return to the Montana State Prison from California. Since the filing of his first habeas petition with this Court in 2011, there has been no amended judgment, no revocation, nor any intervening proceedings that have altered MSP's 2009 calculation of "dead time." Further, a review of Hall's 2011 habeas case reveals he was well aware of this "dead time" calculation at the time he filed his petition. *See e.g. Hall v. Law*, No. CV 11-07-GF-SHE, Ex. (Doc. 1-25)(March 12, 2009 MSP

record calculating dead time while Hall on escape and advising Hall of his updated parole eligibility and discharge dates); *see also* (Doc. 1-26 at 7).

Hall continues to challenge to 2009 calculation of "dead time" imposed upon his sentence. Hall had the full opportunity to challenge this sentence in his prior federal habeas petition. *See, Magwood v. Patterson*, 561 U.S. 320, 332-3 (2010); *Hill v. State of Alaska*, 297 F. 3d 895, 897-898 (9th Cir. 2002). Thus, the pending petition is a successive attack on the 2009 sentence calculation.

28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or successive bar. The exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B). Even if Hall were able to establish a valid exception, these may not be asserted for the first time in the district court. Hall is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Hall obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear Hall's claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

### IV. Recommendation

1. Mr. Hall's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hall may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Hall must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of August, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Hall is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.